EMILIO M. GARZA, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority opinion’s conclusion that unauthorized use of a motor vehicle does not constitute a “crime of violence” for purposes of applying U.S.S.G. § 2L1.2(b)(1)(A)(ii). Nonetheless, for the reasons expressed in my dissent in Vargas-Duran, I continue to believe that Vargas-Duran was wrongly decided. See Vargas-Duran, 356 F.3d 598, 610-16 (5th Cir.2004) (en banc) (Garza, J. dissenting). Recognizing this en banc precedent, I would remand for the district court to ascertain which version of the Texas burglary statute applies, which is unclear from the record before us, and apply § 2L1.2(b)(1)(A)(ii) accordingly.
The majority opinion decides Rodriguez was convicted of burglary of a building under the 1974 version of the Texas burglary statute. It notes, however, the record does not explicitly say when the crime was committed or which version of the Texas burglary statute applies. The majority determines that the 1974 version of the statute applies because Rodriguez would have been only 11 years old in 1974. I do not dispute this logic. Nonetheless, determining the version of the Texas burglary statute applicable to Rodriguez is a finding of fact. It is the role of the trial court to make the findings of fact necessary to apply the sentencing guidelines. See U.S.S.G. § 1B1.1 et seq. (directing the trial court to make various factual findings). The role of the appeals court is to review those findings. See United States v. Myers, 198 F.3d 160, 163 (5th Cir.1999) (stating that this Court reviews a district court’s findings of fact under a clearly erroneous standard and its application of the Guidelines to those findings de novo). Accordingly, this Court should remand, allowing the district court to fulfill its function of finding the facts necessary to apply the appropriate sentencing guidelines.
Even under the 1974 version, the district court must ascertain whether Rodriguez committed burglary of a building “with intent to commit a felony” which under the charging papers, indictment or special issues could establish a “crime of violence.” A sentencing court may go beyond the mere fact of conviction and statutory definition to determine what was actually required to find all the elements of a crime. See Taylor v. United States, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (“For example, in a State whose burglary statutes include entry of an automobile as well as a building, if the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement.”).
*471 For the above reasons, I respectfully dissent.